## Succession of Medina, Appellant, *v*. Registrar of Guayama, Respondent.

### Appeal from a Decision of the Registrar of Property Refusing to Record a Dominion Title Proceeding.

No. 373.—Decided July 27, 1918.
Decided on reconsideration March 13, 1919.

Record of Title—Dominion Title—Conflicting Records.—A dominion title decreed by a court of jurisdiction to a property which is already recorded as belonging to another person is not recordable in the registry of property.

Id.—Id.—Possessory Title.—Article 393 of the Mortgage Law refers only to possessory title proceedings and there is no provision of law making it extensive to dominion title proceedings.

The facts are stated in the opinion.

*Mr. C. Dominguez Rubio* for the appellant.

The respondent did not appear.

Mr. Justice Aldrey delivered the opinion of the court.

In order that this court may take jurisdiction of an appeal from a decision of a registrar of property, it must have before it the document which was presented to the registrar for the purposes of the record or entry, with his endorsement thereon of the reasons for his decision, and also the date of its notification to the interested party; for sections 2 and 3 of the Act of March 1, 1902, regulating appeals from decisions of registrars of property provide that said documents shall be brought up to this court. Submitting a copy of the document is not a sufficient compliance with this statute, especially when, as in this case, the copy filed is not attested by a signature.

The appeal should be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.

---

A motion for reconsideration having been sustained, Mr. Justice Aldrey delivered the following opinion of the court on March 13, 1919:

On May 15, 1918, the District Court of Guayama entered judgment in a dominion title proceeding holding that the Succession of Moderado Medina had established its dominion title to a certain property of 79 acres situated in the ward of Montellano of the municipality of Cidra, which it purchased on July 15, 1911, from the president of the Cidra Land Company, a corporation. It was set out in the judgment that the petition alleged that the written instrument of acquisition was not recordable and that it was not known whether the vendor corporation was in existence, nor where its president, who sold the property in its name, resided.

The judgment having been presented in the Registry of Property of Guayama for the purpose of having the property recorded in the name of Moderado Medina, the registrar refused its admission to record on the ground that there was recorded in the registry in the name of the Cidra Land Company a property of equal area situated in the same ward as that described in the dominion title proceeding, but with different boundaries, which property was further identified by the chain of conveyances mentioned in the judgment and corresponding exactly with those appearing in the registry.

In order to have before us the same facts that the registrar had before him, we asked for a certificate showing the entries relating to the property referred to in the above ground of his decision, and, having been received and examined, this certificate leads us to the conclusion that the property described in the dominion title proceeding as acquired by Moderado Medina on July 15, 1911, by purchase from the President of the Cidra Land Company, is the same property which is recorded in the name of the said corporation and which its president sold on the said date to Pedro Moderado Medina by the public instrument which the registrar refused to record in 1916 for the reason that it did not appear that the board of directors of the corporation had given authority to its president to make the sale.

As a matter of fact the appellant does not insist that

two different properties are involved, but maintains that as the chain of titles set out in the dominion title proceeding is the same as that shown in the registry, and as all the persons included in that chain have been summoned and the dominion title proceeding has been prosecuted according to law, the registrar should not have refused the record because his province is limited to recording what the court orders him to record, without reviewing the reasons, evidence and grounds of the court for adjudging the dominion title and ordering the record, and that the cancellation of the record in the name of the corporation was not prayed for nor ordered by the court.

The question raised, then, under this ground of the decision is whether, although the property is recorded in the name of the Cidra Land Company, the registrar should record it in the name of Moderado Medina because the district court adjudged that he had established his dominion title to the property in a proceeding brought for that purpose.

Article 77 of the Mortgage Law prescribes that records are not extinguished as to third persons except by their cancellation or by a record of the conveyance of the ownership or property right recorded to another person. Article 82 provides, among other things, that records or cautionary notices made by virtue of a public instrument can be cancelled only by a final order from which no appeal for its annulment or reversal is pending, or by another instrument or authentic document in which the person in whose favor the record or entry may have been made, or his assigns or legal representatives, signify their consent to the cancellation. Article 83 prescribes that if the record or entry which has been made by virtue of a public instrument should be cancelled, and the party prejudiced by the cancellation should not agree thereto, the other person interested may bring a declaratory action against him.

Although the dominion title proceeding approved by the court does not order the cancellation of the record of owner-

ship in favor of the Cidra Land Company and the appellants do not ask the registrar to enter such cancellation, nevertheless, as the ownership of a property cannot be recorded in the registry of property in the name of more than one person, if the property were recorded in the name of the father of the appellants, as sought by them, it would have the effect of cancelling the previous record in the name of the said corporation without its having been defeated in a declaratory action adjudging that it had lost its ownership by virtue of a valid conveyance thereof made by its president. The object of the record sought is to have a sale recorded without showing the authority of the president of the corporation to make it, as should have been done when the registrar refused to record the deed of June 15, 1911, for that very reason.

But even if the court had ordered the cancellation of the record of ownership of the Cidra Land Company, as was ordered in the case of *Toro* v. *Registrar of Mayagüez,* 25 P. R. R. 438, by application of article 393 of the Mortgage Law, the cancellation should not be made because, as we there said, citing *Porto Rican Leaf Tobacco Co. v. The Registrar,* 17 P. R. R. 215, article 393 of the Mortgage Law refers only to possessory title proceedings and there is no provision of law making it extensive to dominion title proceedings, and because the record could not be made without cancelling the existing record of ownership. *Ginorio* v. *The Registrar,* 25 P. R. R. 59, and *Colón* v. *Registrar of Caguas,* 24 P. R. R. 719.

The decision of the General Directorate of Registries of Spain of January 4, 1900, cited by the appellant in support of its contention that the dominion title proceeding should be recorded, is not in point because it was rendered in consequence of a declaratory action in which the ownership title was determined.

Therefore, the dominion title proceeding herein not being

recordable, it will be unnecessary to consider the other reasons assigned for the refusal.

For the reason stated the decision must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.